O'MELVENY & MYERS LLP
M. RANDALL OPPENHEIMER (State Bar No. 77649)
MARC F. FEINSTEIN (State Bar No. 158901)
SABRINA H. STRONG (State Bar No. 200292)
ROBERT M. SWERDLOW (State Bar No. 200266)
400 South Hope Street
Los Angeles, CA 90071-2899
Tel: (213) 430-6000
Fax: (213) 430-6407
roppenheimer@omm.com
mfeinstein@omm.com
sstrong@omm.com
rswerdlow@omm.com

KIRKLAND & ELLIS LLP
MARK HOLSCHER (State Bar No. 139582)
333 South Hope Street
Los Angeles, CA 90071
Tel: (213) 680-8190
Fax: (213) 808-8097
mark.holscher@kirkland.com

Attorneys for Plaintiff AIG Retirement Services, Inc.
(now known as SAFG Retirement Services, Inc.,
formerly known as SunAmerica Inc.)

WHITE & CASE LLP
FERNANDO L. AENLLE-ROCHA (State Bar No. 129515)
THOMAS J. BENEDICT (State Bar No. 204420)
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-2007
Tel: (213) 620-7700
Fax: (213) 452-2329
faenlle-rocha@whitecase.com
tbenedict@whitecase.com

GEORGE J. TERWILLIGER III (Admitted Pro Hac Vice)
DARRYL S. LEW (Admitted Pro Hac Vice)
701 Thirteenth Street, N.W.
Washington, D.C. 20005
Tel: (202) 626-3600
Fax: (202) 639-9355
gterwilliger@whitecase.com
dlew@whitecase.com

Attorneys for Defendants
Consortium de Réalisation S.A. and CDR Entreprises

| | |
|---|---|
| 1 | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| | LAWRENCE B. FRIEDMAN (Admitted Pro Hac Vice) |
| 2 | AVRAM LUFT (Admitted Pro Hac Vice) |
| | One Liberty Plaza |
| 3 | New York, New York 10006-1470 |
| | Tel: (212) 225-2000 |
| 4 | Fax: (212) 225-3999 |
| | lfriedman@cgsh.com |
| 5 | aluft@cgsh.com |
| 6 | Attorneys for Defendant Crédit Lyonnais S.A. |

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AIG RETIREMENT SERVICES, INC. (formerly known as SunAmerica Inc.), | Case No. CV 05-1035-JFW (CWx) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION BY PLAINTIFF AIG RETIREMENT SERVICES, INC. AND DEFENDANTS CONSORTIUM DE RÉALISATION S.A., CDR ENTREPRISES, AND CRÉDIT LYONNAIS S.A. FOR GOOD FAITH SETTLEMENT DETERMINATION** |
| v. | |
| ALTUS FINANCE S.A., *et al.*, | |
| Defendants. | |
| | Hearing date: October 7, 2011 |
| | Hearing time: 1:30 p.m. |
| | Courtroom: 16 |
| | Trial Date: October 18, 2011 |

LOSANGELES 928559 (2K)

MEMO RE JOINT MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 2

    A. Brief Procedural History ................................................................................ 2

    B. The Settlement Agreement ............................................................................ 3

III. ARGUMENT ............................................................................................................ 4

    A. The Legal Standard ....................................................................................... 4

    B. The Settlement is in Good Faith .................................................................... 5

    C. The Contemplated Order of Dismissal ......................................................... 6

IV. CONCLUSION ......................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Fed. Sav. & Loan Ins. Corp. v. Butler*,
   904 F.2d 505 (9th Cir. 1990) .................................................................................. 4

*Jette v. Orange Cnty., Fin., Inc.*,
   No. 2:08-cv-01767-GEB KJM, 2010 WL 3341561 (E.D. Cal. Aug. 23, 2010) ...................................................................................................................... 4

*Maxwell v. MortgageIT, Inc.*,
   No. 1:08-CV-01329-OWW SKO, 2010 WL 2219190 (E.D. Cal. June 1, 2010) ...................................................................................................................... 4

### STATE CASES

*Abbott Ford, Inc. v. Superior Court*,
   43 Cal. 3d 858 (1987) ............................................................................................ 5

*Osumi v. Sutton*,
   151 Cal. App. 4th 1355 (2007) .............................................................................. 4

*Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*,
   38 Cal. 3d 488 (1985) ........................................................................................ 4, 5

*Wilshire Ins. Co. v. Tuff-Boy Holding, Inc.*,
   86 Cal. App. 4th 627 (2001) .................................................................................. 5

### STATE STATUTES

Cal. Civ. Pro. Code §§ 877 and 877.6 ............................................................... 1, 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After more than six years of litigation, Plaintiff AIG Retirement Services, Inc. (formerly known and referred to herein as "SunAmerica") ("AIGRS") and Defendants Consortium de Réalisation S.A., CDR Entreprises (formerly known as Altus Finance S.A.), and Crédit Lyonnais S.A. ("CL and the CDR Parties," and together with AIGRS, the "Settling Parties") have entered into a settlement agreement resolving the disputes between them fully and completely. In exchange for a present cash payment of USD $150 million (the "Settlement Amount"), AIGRS has agreed to dismiss with prejudice its claims in this lawsuit against CL and the CDR Parties. The settlement also includes a full release of any claims AIGRS may have against CL and the CDR Parties related to the allegations in the lawsuit. The effectiveness of the settlement – including the dismissals and settlement payment – is expressly subject to the condition precedent that this Court enter an order finding that the settlement was made in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6 and, to the extent applicable, federal law. Such a finding will bar any claims against CL and the CDR Parties by any other joint tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

By this motion, the Settling Parties jointly seek a good faith determination. Under California law, a settlement is in good faith when the amount of the settlement is within the reasonable range of the settling tortfeasors' potential proportional share of comparative liability for the plaintiff's injuries and is not the result of fraud aimed at harming the non-settling parties. As explained below, the settlement, which was the result of arm's-length negotiations, is well within the reasonable range of CL and the CDR Parties' potential proportionate comparative liability and easily satisfies all of the requirements for a determination by the Court

1   that it was entered in good faith.  Moreover, at the September 30, 2011 Pre-Trial
2   Conference, counsel for the non-settling defendants, Artemis S.A. and Aurora S.A.,
3   stated that their clients would not oppose this Motion.
4       Finally, the Settlement Agreement provides that if the Court finds that the
5   settlement is in good faith and grants this Motion, the Settlement Amount will be
6   paid on behalf of CL and the CDR Parties according to the terms of the Settlement
7   Agreement and, thereafter, AIGRS will submit a proposed order of dismissal
8   requesting that the Court dismiss its claims against CL and the CDR Parties with
9   prejudice.

## II.  FACTUAL BACKGROUND

### A.  Brief Procedural History

AIGRS filed this action on February 9, 2005.  In its Second Amended Complaint, filed on November 2, 2005, it alleges claims for fraud, interference with contract, and interference with prospective economic advantage, and breach of contract (including breach of the implied covenant of good faith and fair dealing) against CL and the CDR Parties.  Declaration of Fernando L. Aenlle-Rocha in Support of Joint Motion for Good Faith Settlement Determination ("Aenlle-Rocha Decl."), ¶ 1; *see also* Second Amended Complaint ¶¶ 65-83.

In 2006, the Court granted CL and the CDR Parties' motion to dismiss AIGRS' claims for breach of contract, interference with contract, and interference with prospective economic advantage.  In 2007, the Court granted CL and the CDR Parties' motion for summary judgment on AIGRS' fraud claim.  Following the Ninth Circuit's ruling in 2010 reinstating many of AIGRS' claims, the parties engaged in substantial discovery, including more than 20 depositions, and filed competing motions for summary judgment and partial summary judgment.  Earlier this year, the Court granted CL and the CDR Parties' motion for summary judgment in part dismissing AIGRS' claim for interference with prospective economic advantage.  Aenlle-Rocha Decl., ¶ 2.

1   In accordance with the Court's Amended Scheduling and Case Management Order, the Settling Parties participated in mediation before the Honorable Daniel Weinstein (ret.) in San Francisco, California.  This was the second time the parties participated in formal mediation, having met with a different mediator in 2007.  *Id.* ¶ 3.

After the latest mediation session, the Settling Parties continued to consult with Judge Weinstein and continued to communicate directly amongst themselves and ultimately agreed to a settlement of their disputes.  Thereafter, the parties prepared a written settlement agreement setting forth the terms of their agreement. *Id.*, ¶ 4.  A copy of the written settlement agreement is attached as Exhibit One to the concurrently filed Aenlle-Rocha Declaration.

During the September 30, 2011 Pre-Trial Conference, the Court asked whether the Artemis Defendants would oppose this Motion.  The Artemis Defendants responded, through counsel, that they would not oppose the Motion. *Id.*, ¶ 5, Ex. 2 (Transcript of Pre-Trial Conference) at 6:8-11.

**B.   The Settlement Agreement**

Under the terms of the Settlement Agreement, a settlement payment in the amount of USD $150 million shall be paid to AIGRS on behalf of CL and the CDR Parties in exchange for a dismissal with prejudice of all claims against CL and the CDR Parties in this litigation and a release of all claims AIGRS may have against CL and the CDR Parties related to the allegations made by AIGRS in this action. *Id.*, Ex. 1 at §§ 1, 5-6.  The settlement agreement also calls for any disputes arising under the agreement to be resolved by this Court.  *Id.* at § 12.

The settlement is expressly conditioned on the entry of an order determining that the settlement is in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6.  *Id.* at § 3.  It also contemplates that if the Court finds the settlement to be in good faith, it will enter an order dismissing AIGRS' claims against CL and the CDR Parties pursuant to the terms of the Settlement Agreement.

*Id.* at §§ 2, 4. Nothing in the settlement agreement (or this motion) prohibits AIGRS from continuing to prosecute its claims against the non-settling defendants or requires CL and the CDR Parties to assist AIGRS in that prosecution.

## III.   ARGUMENT

### A.   The Legal Standard

California public policy favors the voluntary settlement of litigation. *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1359 (2007). In keeping with this policy, California law provides that settling parties may seek a good faith determination of their settlement terms. Cal. Civ. Pro. Code §§ 877, 877.6. A determination that a settlement is in good faith "shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* at § 877.6(c).[1]

A settlement is made in good faith under section 877.6 when "the amount of the settlement is within the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries," taking into consideration all of the facts and circumstances of the particular case. *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*, 38 Cal. 3d 488, 499 (1985). In *Tech-Bilt*, 38 Cal. 3d at 499, the California Supreme Court identified several non-exclusive factors courts are to consider in determining whether a settlement is made in good faith including: (1) the amount paid in settlement; (2) a rough approximation of the plaintiff's total recovery and the settling defendant's proportionate liability; (3) the financial condition of the settling defendants; (4) recognition that a settling defendant should pay less in settlement than it would if it were held liable after trial; and (5) whether

---

[1] Although a good-faith determination is a creature of California state law, a settling party may seek such a determination in federal court. *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990); *Jette v. Orange Cnty., Fin., Inc.*, No. 2:08-cv-01767-GEB KJM, 2010 WL 3341561, at *2 (E.D. Cal. Aug. 23, 2010); *Maxwell v. MortgageIT, Inc.*, No. 1:08-CV-01329-OWW SKO, 2010 WL 2219190, at *1 (E.D. Cal. June 1, 2010) (stating that "federal courts may enter ... determinations" under section 877.6).

1  the settlement was the result of collusion or fraud aimed at injuring the interests of
2  the non-settling parties.

3        A party challenging a settlement and "asserting the lack of good faith . . . has
4  the burden of proof on that issue" and must prove that "the settlement is so far 'out
5  of the ballpark' in relation to these factors as to be inconsistent with the equitable
6  objectives of the statute." *Id*. at 499-500; *see also Abbott Ford, Inc. v. Superior
7  Court*, 43 Cal. 3d 858, 874 (1987). The *Tech-Bilt* Court took pains to "emphasize
8  the broad parameters of the 'ballpark' within which settlements will be deemed to
9  be in good faith," observing that "the 'reasonable range' test" adopted in that case
10 "leaves substantial latitude to the parties and to the discretion of the trial court[.]"
11 *Tech-Bilt*, 38 Cal. 3d at 500, 501, n.9. More specifically, the Court made clear that
12 a lack of good faith cannot be "established by a showing that a settling defendant
13 paid less than his theoretical proportionate or fair share." *Id*. at 499 (citation and
14 quotation marks omitted). Such a rule would unduly discourage settlements. *Id*.

15      **B.**    <u>**The Settlement is in Good Faith**</u>

16        The agreement is fair and reasonable and easily satisfies the *Tech-Bilt* factors.
17 First, the amount being paid in settlement is substantial, and is within the ballpark
18 of CL and the CDR Parties' potential proportionate liability. In 2007, AIGRS'
19 proffered expert Stephen Prowse calculated that CL and the CDR Parties enjoyed
20 $202.4 million in unjust enrichment, plus prejudgment interest, as a result of the
21 conduct alleged in the Second Amended Complaint. Aenlle-Rocha Decl. at Ex. 3
22 (Prowse Expert Report) at 6.[2] CL and the CDR Parties' payment of USD $150
23 million is roughly proportionate to this figure and certainly within the "ballpark" of
24 their potential proportionate liability. *Cf. Wilshire Ins. Co. v. Tuff-Boy Holding,
25 Inc.*, 86 Cal. App. 4th 627, 634, 641 (2001) (settlement in which settling defendant
26 paid less than four percent of court-determined value of plaintiff's wrongful death

---

27  [2] The Ninth Circuit affirmed this Court's grant of summary judgment to Defendants
28  on AIGRS' claim for unjust enrichment but that decision was not based on Mr. Prowse's calculations.

1   claim was in good faith because amount was not so "out of the ballpark" and the
2   lion's share of liability was being borne by the party "plainly … most at fault.").
3   This settlement is also fair and reasonable in light of Plaintiff's allegation that CL
4   and the CDR Parties' alleged ill-gotten gains are substantially lower relative to the
5   profits that AIGRS claims the remaining defendants earned at its expense
6   (approximately $467 million before prejudgment interest).  Aenlle-Rocha Decl. at
7   Ex. 3 at 6.
8   　　　　Second, the settlement is substantial in light of the fact that CL and the CDR
9   Parties asserted numerous defenses to AIGRS' claims, including that AIGRS did
10  not suffer any damages as a result of CL and the CDR Parties' alleged conduct.
11  From prior motion practice, the Court is already familiar with these arguments; and
12  the Settling Parties do not repeat them here.
13  　　　　Finally, the settlement is in no way the result of collusion or fraud between
14  the Settling Parties.  Rather, it was reached through the course of arm's-length
15  negotiations between the Settling Parties with the assistance of the mediator in this
16  case, Retired Judge Daniel Weinstein, and through communications between
17  counsel for the Settling Parties.  *Id.*, ¶ 4.  It comes only after years of hard-fought
18  litigation before this Court and the Court of Appeals.
19  　　　　Likewise, the written settlement agreement was the product of negotiation
20  between the Settling Parties and reflects that both sides had an opportunity to
21  review and provide input on its terms.  *Id.*, Ex. 1 at § 22.  Finally, the agreement is
22  not aimed at harming the interests of the non-settling Defendants.
23  　　　　**C.**　　**The Contemplated Order of Dismissal**
24  　　　　If the Court issues an order finding that the settlement is in good faith, the
25  Settlement Amount will be paid on behalf of CL and the CDR Parties in accordance
26  with the terms of the Settlement Agreement.  Thereafter, AIGRS will submit a
27  proposed order requesting that the Court dismiss with prejudice AIGRS' claims
28  against CL and the CDR Parties.  *Id.*, Ex. 1 at §§ 2, 4.

## IV. CONCLUSION

For the foregoing reasons, the Settling Parties respectfully request that the Court grant this Motion and issue an order finding that the settlement is in good faith. The Settling Parties also respectfully request that the Court enter an order of dismissal with prejudice as to AIGRS's claims against CL and the CDR Parties upon receiving notice from AIGRS that the Settlement Amount has been received.

O'MELVENY & MYERS LLP

Dated: October 6, 2011

By: */s/ Marc F. Feinstein*
      Marc F. Feinstein

Attorneys for Plaintiff
AIG Retirement Services, Inc.
(now known as SAFG Retirement Services, Inc., formerly known as AIG Retirement Services, Inc.)

WHITE & CASE LLP

Dated: October 6, 2011

By: */s/ Fernando L. Aenlle-Rocha*
      Fernando L. Aenlle-Rocha

Attorneys for Defendants
CDR Entreprises (formerly known as Altus Finance S.A.) and Consortium de Réalisation S.A.

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Dated: October 6, 2011

By: */s/ Avram E. Luft*
      Avram E. Luft

Attorneys for Defendant
Crédit Lyonnais S.A.