UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| AIG RETIREMENT SERVICES, INC. (formerly known as SunAmerica Inc.),<br><br>　　　　　　　Plaintiff,<br>　v.<br>ALTUS FINANCE S.A., *et al.*,<br>　　　　　　　Defendants. | Case No. CV 05-1035-JFW (CWx)<br><br>**ORDER GRANTING JOINT MOTION BY PLAINTIFF AIG RETIREMENT SERVICES, INC. AND DEFENDANTS CONSORTIUM DE RÉALISATION S.A., CDR ENTREPRISES, AND CRÉDIT LYONNAIS S.A. FOR GOOD FAITH SETTLEMENT DETERMINATION**<br><br>Hearing date:　October 7, 2011<br>Hearing time:　1:30 p.m.<br>Courtroom:　　16<br>Trial Date:　　October 18, 2011 |

1       Plaintiff AIG Retirement Services, Inc. (now known as SAFG Retirement
2  Services, Inc. and formerly known as SunAmerica Inc.) ("AIGRS"), and
3  Defendants Consortium de Réalisation S.A., CDR Entreprises, and Crédit Lyonnais
4  S.A. (together, the "Settling Defendants") filed a joint motion (the "Motion")
5  seeksing a determination that the settlement between AIGRS and the Settling
6  Defendants, a copy of which is attached to the Declaration of Fernando L. Aenlle-
7  Rocha filed in support of the Motion, is in good faith.  The moving parties gave
8  proper notice of the Motion.

9       Having reviewed the terms of the agreement and considered the factors
10 governing good faith settlements in California enumerated in *Tech-Bilt, Inc. v.*
11 *Woodward-Clyde & Assoc.*, 38 Cal. 3d 488 (1985), the Court finds that the
12 settlement was negotiated and entered into in good faith within the meaning of
13 California Code of Civil Procedure sections 877 and 877.6. The Motion is therefore
14 **GRANTED**.

15      Claims against the Settling Defendants for equitable comparative
16 contribution or partial, comparative, or total equitable indemnity based upon or
17 arising out of AIGRS' claims in this action are barred to the extent provided for by
18 California Code of Civil Procedure sections 877 and 877.6.  Accordingly, any and
19 all parties who are, or are alleged to be, joint tortfeasors or co-obligors with the
20 Settling Defendants with respect to AIGRS' claims in this action are, to the fullest
21 extent permitted by California Code of Civil Procedure sections 877 and 877.6,
22 hereby barred and permanently enjoined from asserting or prosecuting any and all
23 such claims, actions, or proceedings against the Settling Defendants arising out of
24 or related in any way to AIGRS' claims in this action. This includes any such
25 claims, cross-claims, counterclaims, or third party claims in any other action in this
26 or any other court, arbitration, administrative agency, or forum, or brought in any
27 manner.

28

1  All objections to the settlement that were made or could have been made are found to be without merit and are hereby, and in all respects, denied, overruled, and rejected.

Except as provided by California Code of Civil Procedure section 877(a), the settlement, Motion, and this Order in no way affect or bar AIGRS' claims against the non-settling Defendants, which are not released.

**IT IS SO ORDERED.**

Date: October 7, 2011

Hon. John F. Walter
United States District Judge